UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **PROJECT ON GOVERNMENT OVERSIGHT, INC.**<br>1100 13th Street, NW<br>Suite 800<br>Washington, DC 20005,<br><br>    **Plaintiff,**<br><br>v.<br><br>**U.S. DEPARTMENT OF THE INTERIOR**<br>1849 C Street, N.W.<br>Washington, D.C. 20240<br><br>    **Defendant.** | Civil Action No. |

## COMPLAINT

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, and the Declaratory Judgment Act, 28 U.S.C. §§ 220 and 2202, for injunctive, declaratory, and other appropriate relief. Plaintiff Project On Government Oversight, Inc. ("POGO") challenges the failure of defendant the U.S. Department of the Interior ("Interior") to provide POGO with all non-exempt portions of documents responsive to three FOIA requests POGO filed with Interior.

**JURISDICTION AND VENUE**

2. This Court has subject matter jurisdiction over the parties pursuant to 5 U.S.C. §§ 552(a)(4)(B) and 552(a)(6)(C)(i). This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

3. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4.  Plaintiff POGO is a nonpartisan independent organization based in Washington, D.C. and organized under section 501(c)(3) of the Internal Revenue Code. Founded in 1981, POGO champions reforms to achieve a more effective, ethical, and accountable federal government that safeguards constitutional principles. POGO's investigators and journalists take leads and information from insiders and other sources and verify the information through investigations using FOIA, interviews, and other fact-finding strategies. POGO's investigative work has been recognized by Members of Congress, executive branch officials, and professional journalism organizations. For instance, in 2015, POGO won the Robert D.G. Lewis Watchdog Award, the Society of Professional Journalists Washington, D.C. Professional Chapter's highest journalistic award, for reporting on the Department of Justice's opaque system for handling allegations of attorney misconduct within its ranks. In 2018, POGO won an award from the Society for Advancing Business Editing & Writing for its investigative series scrutinizing the government's oversight of offshore drilling. POGO extensively used records obtained under the FOIA for this investigation.

5.  The U.S. Department of the Interior is a federal agency within the meaning of the FOIA, 5 U.S.C. § 552(f), and has possession and control of the records POGO seeks in this action.

## STATUTORY BACKGROUND

6.  The FOIA requires federal agencies, upon request, to make records "promptly available to any person," 5 U.S.C. § 552(a)(3)(A), unless one or more specific statutory exemptions apply.

7.  The agency must provide the public records when they are requested in order "to

ensure an informed citizenry, vital to the functioning democratic society." *NLRB v. Robbins Tire & Rubber Co.,* 437 U.S. 214, 242 (1978).

8. An agency must make a determination on a FOIA request within twenty business days and notify the requester of which of the requested records it will release, which it will withhold and why, and the requester's right to appeal the determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

9. The 20-day deadline for an agency to make a determination on a request begins on the earlier of: (l) the date "the request is first received by the appropriate component of the agency" or (2) "ten days after the request is 'first received by any component of the agency that is designated in the agency's regulations' . . . to receive [FOIA] requests." 5 U.S.C. § 552(a)(6)(A)(ii).

10. In unusual circumstances, an agency may extend the time limits the FOIA prescribes by written notice to the person making such request that sets forth the reasons for such extension and the date on which a determination is "expected" to be dispatched. No such notice shall specify a date that would result in an extension for more than ten working days. 5 U.S.C. § 552(a)(6)(B)(i).

11. The FOIA grants to requesters the right to administratively appeal any adverse determination an agency makes on their FOIA request. 5 U.S.C. § 552(a)(6)(A). Subject to some exceptions not applicable here, a requester must exhaust administrative remedies before filing suit in federal district court.

*Plaintiff's December 11, 2019 FOIA Request*

12. On December 11, 2019, Nick Schwellenbach on behalf of POGO submitted to the Bureau of Land Management ("BLM"), a component of Interior, a FOIA request seeking an

electronic copy of Safety and Drilling Related Violations ("INCs") issued since March 4, 2011 through the present, in a searchable format if possible.

13. In its request Plaintiff noted that these types of records were provided previously in 2011 to the House Committee on Natural Resources.

14. By email dated December 18, 2019, BLM acknowledged receiving Plaintiff's request and assigned it control number 2020-00234. BLM further explained that it had classified Plaintiff as an "other-use" requester for purposes of search and duplication costs.

15. BLM also noted it was placing the request in the "Exceptional/Voluminous track," which it defined as "requests requiring more than sixty workdays for processing."

16. By email dated December 18, 2019, Plaintiff appealed BLM's determination to treat POGO as an "other-use" requester, explaining that Mr. Schwellenbach's articles are published regularly on POGO's website and on major news sites.

17. By email dated December 18, 2019, BLM granted POGO's request to be treated as a representative of the news media.

18. Over the years since the submission of POGO's request in 2019, POGO has made numerous phone calls and sent numerous emails seeking information on the status of its request. POGO's efforts to contact Interior have been hampered by non-working telephone numbers for Interior, consistently busy phone lines, and contact numbers listed on the agency's website that when called result in a busy signal or voicemail box that has not been set up.

19. To date POGO has received no response to any of its requests for information on the status of this FOIA request nor has it received any requested documents.

20. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to its December 11, 2019 request.

*Plaintiff's June 17, 2020 FOIA Request*

21. By email dated June 17, 2020, POGO submitted to the Bureau of Safety and Environmental Enforcement, a component of Interior, a FOIA request seeking two categories of records.

22. First, POGO requested the names of companies granted royalty relief on leases to extract oil and natural gas from the Gulf of Mexico from January 1, 2020 to the present, as well as (1) the size and geographic location of the leases on which the relief was granted; (2) the amount or percentage of the relief; (3) the date when the relief was granted; and (4) the duration of the relief.

23. Second, POGO's FOIA request sought communications to and from all representatives of those companies that received royalty relief.

24. POGO also requested a fee waiver because disclosure of the requested records will inform the public about the government's operations and activities with regard to natural resources extraction and production on federal property and the payment of royalties thereon.

25. As POGO further explained, oil and gas royalty fees produce billions of dollars in revenues each year. Many local and state governments depend on a share of that revenue to fund critical services. POGO expressed its concern with Interior granting temporary breaks on royalty and rental payments to help companies affected by the pandemic-caused economic downturn, that such breaks were being granted to companies with histories of environmental violations and non-payment of royalties or on the basis of personal connections between government officials and companies. This concern is heightened by the fact that then-Secretary of the Interior David Bernhardt once lobbied on behalf of an offshore oil industry association that was seeking royalty and rental payment breaks. The requested records will therefore help the public evaluate whether

Interior is granting requests for royalty and rental payment relief in accordance with law and in a way that serves the public's interest.

26. POGO explained that it has no commercial interest in the requested information.

27. On June 22, 2020, the Bureau of Safety and Environmental Enforcement acknowledged receiving POGO's request and assigned it number 2020-00156.

28. Since filing its request POGO exchanged numerous emails and phone calls with the Bureau of Safety and Environmental Enforcement to determine the status of its request. In its last communication with POGO on January 25, 2022, the Bureau of Safety and Environmental Enforcement stated that the request would be processed in an eight to ten-week timeframe. To date POGO has received no additional communication concerning its request, nor has it received any requested documents.

29. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to its June 17, 2020 request.

*Plaintiff's April 6, 2018 FOIA Request*

30. On April 6, 2018, POGO submitted a FOIA request to Interior for records from January 20, 2017 to the present between Interior and any of its sub-agencies, including, but not limited to, BLM and the Office of Natural Resources Revenue, and (1) the American Petroleum Institute; (2) Chevron; (3) Exxon-Mobil; or (4) Conoco Phillips, and their subsidiaries, employees, attorneys, lobbyists, contractors, sub-contractors, agents, and consultants that reference the following:

- The Extractive Industries Initiative
- The United States Extractive Industries Transparency Initiative
- Section 1504 of the Dodd-Frank Act or 15 U.S.C. 78m(q) or "Cardin-Lugar"
- Congressional Review Act Resolutions of Disapproval related to Section 1504 including, but not limited to, H.J. Res. 41 and S.J. Res. 9

6

- Records related to the Securities and Exchange Commission rule "Disclosure of Payments by Resource Extraction Issuers"

32. POGO requested a fee waiver explaining that it has no commercial interest in the requested records, which will serve the public interest by contributing to public understanding of how the government makes transparency decisions about extractive industry revenues from public lands.

32. Since filing this request POGO has contacted the agency numerous times by phone and email to determine the status of this request but to date has not received any response, nor has it received any requested documents.

33. Under 5 U.S.C. § 552(a)(6)(C)(i), Plaintiff has now effectively exhausted all applicable administrative remedies with respect to its April 6, 2018 request.

**PLAINTIFF'S CLAIMS FOR RELIEF**
**CLAIM ONE**
**(Wrongful Withholding of Non-Exempt Records)**

34. Plaintiff repeats and re-alleges paragraphs 1-33.

35. Defendant Interior wrongfully withheld agency records requested by Plaintiff by failing to comply with the statutory time limit for making a determination on Plaintiff's December 11, 2019, June 17, 2020, and April 6, 2018 FOIA requests and by withholding from disclosure records responsive to Plaintiff's three requests of Interior.

36. Plaintiff POGO is therefore entitled to injunctive and declaratory relief with respect to the immediate processing and disclosure of the records requested in its December 11, 2019, June 17, 2020, and April 6, 2018 FOIA requests.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

(1) Order Defendant to immediately and fully process plaintiff's December 11, 2019,

June 17, 2020, and April 6, 2018 FOIA requests and to disclose all non-exempt documents immediately and at no cost to Plaintiff;

  (2) Issue a declaration that Plaintiff is entitled to the immediate and expedited processing and disclosure of the requested records at no cost to Plaintiff;

  (3) Provide for expeditious proceedings in this action;

  (4) Retain jurisdiction of this action to ensure no agency records are wrongfully withheld;

  (5) Award Plaintiff its costs and reasonable attorneys' fees in this action; and

  (6) Grant such other relief as the Court may deem just and proper.

          Respectfully submitted,

           /s/ *Anne L. Weismann*
          Anne L. Weismann
          (D.C. Bar No. 298190)
          5335 Wisconsin Avenue, N.W.
          Suite 640
          Washington, D.C. 20015
          (301) 717-6610
          weismann.anne@gmail.com
Dated: March 2, 2023       *Attorney for Plaintiff*