**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

PROJECT ON GOVERNMENT
OVERSIGHT, Inc,

        *Plaintiff*,

v.

UNITED STATES OF THE INTERIOR,

        *Defendant*.

No. 23-0579 (RCL)

**ANSWER**

Defendant United States Department of the Interior ("DOI"), by Matthew Graves, United States Attorney for the District of Columbia, through Assistant U.S. Attorney Benton Peterson, answers Plaintiff Project on Government Oversight, Inc.'s ("Plaintiff") Complaint ("Complaint") in like-numbered paragraphs as follows. Defendant denies all allegations not specifically admitted, except to the extent those allegations contain conclusions of law, as no response is required. Section headings are included for convenience only and do not constitute admissions.

**COMPLAINT**

1.     Defendants admits that the allegations consist of Plaintiff's characterization of its lawsuit.

**JURISDICTION AND VENUE**

2.     Defendant admits that this Court has jurisdiction and venue over this action and that Plaintiff makes general statements of law. Defendant respectfully refer the Court to 5 U.S.C. § 552 and 28 U.S.C. § 1331 for a complete and accurate statement of the law cited.

3.      Defendant admits that this Court has jurisdiction and venue over this action and that Plaintiff makes general statements of law. Defendant respectfully refer the Court to 5 U.S.C. § 552 and 28 U.S.C. § 1331 for a complete and accurate statement of the law cited.

## PARTIES

4.      Defendant lacks sufficient information to admit or deny the allegations in paragraph 4.

5.      Defendant admits the Department of the Interior is an agency of the United States Government.

## STATUTORY BACKGROUND

6.      Paragraph 6 contains general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

7.       Paragraph 7 presents general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

8.      Paragraph 8 contains general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

9.      Paragraph 9 contains general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

10.     Paragraph 10 contains general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

11.     Paragraph 11 contains general statements about FOIA and conclusions of law. Defendant respectfully refers the Court to the statute for a complete and accurate statement of the law and denies any allegations inconsistent therewith.

**Plaintiff's December 11, 2019, FOIA Request**

12.     Defendant admits receipt of a communication dated December 11, 2019. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies any other allegation in paragraph 12.

13.     Defendant admits receipt of a communication dated December 11, 2019. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies any other allegation in paragraph 13.

14.     Defendant admits having issued a communication dated December 18, 2019, and that Plaintiff's December 11, 2019, request was assigned control number 2020-00234. Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate representation of that correspondence and denies any characterizations inconsistent therewith.   Defendant denies any other allegations in paragraph 14.

15.     Defendant admits having issued a communication dated December 18, 2019.

Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate representation of that correspondence and denies any characterizations inconsistent therewith.   Defendant denies any other allegations in paragraph 15.

16.     Defendant admits having issued a communication dated December 18, 2019. Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate representation of that correspondence and denies any characterizations inconsistent therewith.   Defendant denies any other allegations in paragraph 16.

17.     Defendant admits having issued a communication dated December 18, 2019. Defendant respectfully refers the Court to the referenced correspondence for a complete and accurate representation of that correspondence and denies any characterizations inconsistent therewith.   Defendant denies any other allegations in paragraph 17.

18.     Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations, and on this basis deny them.

19.     Defendant admits no further communication with Plaintiff beyond its communications of December 18, 2019, in connection with the referenced FOIA request of December 11, 2019.

20.     Paragraph 20 contains conclusions of law to which no response is required. Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(C)(i) for a complete and accurate statement of the law cited.

### Plaintiff's June 17, 2020 FOIA Request

21.     Defendant admits receipt of a communication dated June 17, 2020. Defendant

respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies any other allegation in paragraph 21.

22.    Defendant admits receipt of a communication dated June 17, 2020. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies any other allegation in paragraph 22.

23.    Defendant admits receipt of a communication dated June 17, 2020. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies any other allegation in paragraph 22.

24.    Paragraph 24 contains conclusions of law to which no answer is required. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

25.    Paragraph 25 contains conclusions of law to which no answer is required. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

26.    Paragraph 26 contains conclusions of law to which no answer is required. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

27.    Defendant admits having issued a communication dated June 22,

2020, and that Plaintiff's June 17, 2020, request was assigned control number 2020-00156. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

28.     Defendant admits the first sentence of paragraph 28.  Defendant denies the second sentence and avers that Defendant's most recent communication occurred on January 24, 2023, and further avers that the Bureau of Safety and Environmental Enforcement stated the status of its response as "awaiting responses from submitter letters." Defendant respectfully refers the Court to the referenced January 24, 2023, communication for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith. Defendant denies the third sentence and further avers that there was no further communication with Plaintiff beyond its communications of January 24, 2023, in connection with the referenced FOIA request of June 17, 2020.

29.     Paragraph 29 contains conclusions of law to which no response is required. Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(C)(i) for a complete and accurate statement of the law.

**Plaintiff's April 6, 2018 FOIA Request**

30.     Defendant denies the allegations in paragraph 30 and avers receipt of a communication through its Bureau of Land Management, of an electronic communication dated April 10, 2018, and bearing a date of April 6, 2018, generally consistent with that described in Paragraph 30. Defendant respectfully refers the Court to the referenced document for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

31.  Paragraph 31 contains conclusions of law, to which no answer is

required.  Defendant respectfully refers the Court to the referenced communication for a complete and accurate representation of its contents and denies any characterizations inconsistent therewith.

32.   Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations in the first clause of Paragraph 32, and on this basis deny them. Defendant further avers that has not located any record of communication with Plaintiff about the April 6, 2018, request.

33. Paragraph 33 contains conclusions of law to which no response is required. Defendant respectfully refers the Court to 5 U.S.C. § 552(a)(6)(C)(i) for a complete and accurate statement of the law.

### PLAINTIFF'S CLAIMS FOR RELIEF
### CLAIM ONE
### (Wrongful Withholding of Non-Exempt Records)

34.   Defendant restates its respective answers to Paragraphs 1 - 33.

35.    Paragraph 35 contains conclusions of law to which no response is required. To the extent a response is required Defendant denies the allegations.

36.  Paragraph 36 contains conclusions of law to which no response is required. To the extent a response is required Defendant denies the allegations.

### PRAYER FOR RELIEF

The remaining portions of Plaintiff's Complaint contain its request for relief to which no response is required.  To the extent a response is deemed necessary, Defendant denies that Plaintiff is entitled to the relief requested.  Pursuant to Rule 8(b) of the Federal Rules of Civil

Procedure, Defendant asserts a general denial as to those allegations contained in the Complaint that are not specifically admitted herein.

## DEFENDANT'S ADDITIONAL DEFENSES

In further response to the Complaint, Defendant raises the following defenses.  Defendant reserves the right to amend, alter, and supplement the defenses contained in this Answer as the facts and circumstances giving rise to the Complaint become known to Defendant throughout the course of this litigation.

## FIRST DEFENSE

Some or all of the records and requested information in Plaintiff's Freedom of Information Act ("FOIA") request may be exempt in whole or in part under FOIA, and foreseeable harm would result from the release of this information.  *See* 5 U.S.C. § 552(b).

## SECOND DEFENSE

The Court lacks subject matter jurisdiction over any requested relief that exceeds the relief authorized by the FOIA.

## THIRD DEFENSE

Plaintiff is neither eligible for nor entitled to attorneys' fees and costs.

## FOURTH DEFENSE

Plaintiff is not entitled to injunctive or declaratory relief.

Respectfully Submitted,


MATTHEW M. GRAVES, D.C. Bar # 481052
United States Attorney

BRIAN P. HUDAK
Chief, Civil Division

By:     /s/
         BENTON PETERSON, Bar #1029849
         Assistant United States Attorney
         601 D Street, N.W.
         Washington, DC 20530
         (202) 252-2534
         Benton.Peterson@usdoj.gov
         *Counsel for Defendant*